ERNESTO FERNANDO SCHLÜTER, demandante y apelado, *v.* JESÚS VERGARA GONZÁLEZ, demandado y apelante.

No. 5746.—*Sometido:* Abril 14, 1932. *Resuelto:* Julio 30, 1932.

*Emilio Buitrago,* abogado del apelante; *E. Campos del Toro,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

De la exposición del caso resulta que el 29 de noviembre de 1929 y en la Corte de Distrito de Humacao, E. F. Schlüter presentó un escrito inicial pidiendo la ejecución de cierta hipoteca que Jesús Vergara había constituído a su favor. El 3 de diciembre siguiente la corte ordenó el requerimiento del deudor a fin de que pagara $577 de principal y $200, hipotecariamente asegurados también, para costas y honorarios de abogado. No pagó el deudor y el 10 de diciembre de 1930 el ejecutante presentó un memorándum de costas comprensivo de las siguientes partidas: "Honorarios del Márshal, $4.50; Honorarios del Secretario, $5; Certificación del Registro de la Propiedad, $3.50; Gastos publicación de edictos y subasta; Honorarios de abogado incluyendo el trabajo hasta la terminación de este procedimiento, $180; Total, $193."

El 19 del propio diciembre el deudor presentó un escrito aceptando las partidas del márshal y del secretario e impugnando la de honorarios de abogado por excesiva. La corte aprobó las tres primeras partidas y rebajó la de honorarios a $150 por resolución de 13 de abril de 1931 y dos días después, a petición del ejecutante, decretó la venta en pública

subasta de la finca hipotecada para el pago de $577 de principal y $163 de costas.

No consta expresamente de los autos que la finca se vendiera. Quizá lo fué. Sólo consta que el deudor interpuso la presente apelación contra la orden aprobatoria del momorándum de costas, en cuya apelación dejó de comparecer la parte apelada, o sea el acreedor. No sabemos cuál es su actitud, debiendo presumirse que aceptó lo resuelto por la corte de distrito.

Basta la mera exposición de los hechos del caso para concluir que está envuelta en él la misma cuestión fundamental que en los recursos de *certiorari* Nos. 826 y 827 que acabamos de decidir. En tal virtud lo que procedería sería anular la resolución apelada, pero ello equivaldría a declarar con lugar la apelación y quizá a suscitar nuevas cuestiones en un asunto terminado a satisfacción de la parte apelada que se avino a cobrar menos cuando pudo cobrar más.

Siendo ello así y sin necesidad de entrar a considerar y a resolver los errores que señala el apelante, ya que ninguno puede serle perjudicial puesto que si alguien salió ganancioso con la resolución de la corte fué él, creemos que debemos dejar a las partes en la misma situación en que se encuentran, *limitándonos a desestimar la apelación.*